**WO**                                                                                           SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bank of New York Mellon, | No. CV 11-1765-PHX-GMS (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Rae Ribadeneira, et al., | |
| Defendants. | |

Plaintiff Bank of New York Mellon commenced this action for forcible detainer in Maricopa County Superior Court on July 30, 2010 against Defendants Rae Ribadeneira and Doe occupants I through X, case# CV2010-94820.[1] On September 7, 2011, Christopher Stoller (Stoller), who was then an inmate in the Lake County Jail in Waukegan, Illinois, removed this case from Arizona state courts for the *third* time and filed an application to proceed *in forma pauperis* on this District's court-approved form for use by incarcerated persons. (Doc. 1, 2.) Plaintiff has filed a motion to remand the case to state court and seeks an injunction to prevent Stoller from again removing the case. (Doc. 9.) Stoller has filed a motion for an extension of time within which to respond to the motion for remand. (Doc.

---

[1] The address of the real property at issue is 10632 East Blue Sky Road, Scottsdale, Arizona 85262 (the Property).

10.) In the motion for extension of time, Stoller states that he has been transferred to the Dixon Correctional Center in Dixon, Illinois. (Id.) Stoller has also filed a motion to disqualify the undersigned, which the Court construes as a motion for recusal. (Doc. 7.)

The Court will deny Stoller's motion for disqualification. The Court will also deny Stoller's *in forma pauperis* application as incomplete with leave to file a *new* Application to Proceed *In Forma Pauperis* using the court-approved form and including a six-month inmate account statement. The Court will grant Stoller's motion for an extension of time to respond to the motion for remand and to enjoin Stoller from again removing this case from state court to the extent that Stoller will be granted 30 days from the filing date of this Order.

## I.     Motion for Disqualification

As noted above, Stoller has filed a motion for disqualification or recusal pursuant to 28 U.S.C. §§ 144 and 455. Section 455(a) provides that a United States judge or magistrate judge "shall disqualify" himself in any proceeding in which his "impartiality might reasonably be questioned." Section 455(b)(1) provides that a judge must also disqualify himself, where he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" Recusal pursuant to § 455(b) is required only if the bias or prejudice stems from an *extra*-judicial source, not from conduct or rulings during the course of the proceedings. See Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1046 (9th Cir. 1987), aff'd, 496 U.S. 543 (1990); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal). "[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." Liteky v. United States, 114 S.Ct. 1147, 1157 (1994). Adverse rulings should be appealed; they do not form the basis for a recusal motion. Further, where the judge forms opinions in the courtroom, either in the current proceeding or in a prior proceeding, these opinions "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

Stoller seeks disqualification based on the Court's rulings in this, and other, cases.

As discussed above, that is not a basis upon which the Court's impartiality might *reasonably* be questioned for purposes of § 455(a). The Court has no personal bias or prejudice against either Stoller or parties to this action, nor does the Court have personal knowledge of any disputed evidentiary facts concerning this proceeding. The Court therefore finds that recusal is not warranted pursuant to § 455.

Stoller also appears to seek disqualification of the Court under 28 U.S.C. § 144. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a *timely and sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (emphasis added).

In this case, Stoller has not filed a "timely and sufficient affidavit." Instead, Stoller makes conclusory assertions of a personal bias or prejudice based on the Court's rulings in two previous cases with which Stoller disagreed, i.e., the failure to file a proper *in forma pauperis* application pursuant to the Prisoner Litigation Reform Act in CV11-1105, and the lack of subject matter jurisdiction and compliance with removal requirements in CV11-1433. Stoller otherwise seeks disqualification based on the failure to reach issues he raised in procedurally improper ways and/or absent federal subject matter jurisdiction. Stoller is not entitled to rulings on matters not properly before this Court. Because Stoller fails to allege or show that disqualification is warranted pursuant to §§ 455 or 144, his motion will be denied.

**II.    Payment of Filing Fee**

When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump

1 sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally
2 as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires
3 an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the
4 six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must
5 submit statements from each institution where he was confined during the six-month period.
6 Id. To assist prisoners in meeting these requirements, the Court requires use of a form
7 application. LRCiv 3.4(a).

8 If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an
9 initial partial filing fee of 20% of either the average monthly deposits or the average monthly
10 balance in Stoller's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial
11 filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of
12 the fee will be collected in monthly payments of 20% of the preceding month's income
13 credited to an inmate's account, each time the amount in the account exceeds $10.00. 28
14 U.S.C. § 1915(b)(2).

15 **III.   Stoller's Application Fails to Comply With Statute**

16 Stoller has used the court-approved form and completed the "Consent to Collection
17 of Fees from Trust Account" section. However, he has not had the "Certificate of
18 Correctional Official as to Status of Applicant's Trust Account" section completed by a
19 correctional officer, nor has he submitted a certified six-month trust account statement. In
20 light of these deficiencies, Stoller's *in forma pauperis* application will be denied but he will
21 be granted leave 30 days in which to either pay the $350.00 filing fee or file a complete
22 Application to Proceed *In Forma Pauperis* using the court-approved form.

23 **IV.   Motion for Extension of Time**

24 Stoller has filed a motion for extension of time in which to respond to the Plaintiff's
25 motion to remand. The Court will grant Stoller 30 days from the filing date of this Order.
26 /   /   /
27 /   /   /
28

- 4 -

1 **V.    Warnings**

2     **A.    Address Changes**

3     Stoller must file and serve a notice of a change of address in accordance with Rule
4 83.3(d) of the Local Rules of Civil Procedure. **Stoller must not include a motion for other**
5 **relief with a notice of change of address. Failure to comply may result in dismissal or**
6 **remand of this action.**

7     **B.    Copies**

8     Stoller must submit an additional copy of every filing for use by the Court. See
9 LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice
10 to Stoller.

11     **C.    Possible Dismissal**

12     If Stoller fails to timely comply with every provision of this Order, including these
13 warnings, the Court may dismiss or remand this action without further notice. See Ferdik v.
14 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for
15 failure to comply with any order of the Court).

16 **IT IS ORDERED:**

17     (1)    The Clerk of Court must modify Stoller's address in accordance with the
18 address stated in his motion for extension of time, Doc. 10.

19     (2)    Stoller's motion to disqualify is **denied**. (Doc. 7.)

20     (3)    Stoller's Application to Proceed *In Forma Pauperis* is **denied**. (Doc. 2.)

21     (4)    Within **30 days** of the date this Order is filed, Stoller must either pay the
22 $350.00 filing fee **or** file a completed Application to Proceed *In Forma Pauperis* and a
23 certified six-month trust account statement.

24     (5)    If Stoller fails to either pay the $350.00 filing fee or file a completed
25 Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must remand
26 this action to state court without further notice to Stoller.

27     (6)    The Clerk of the Court must mail Stoller a court-approved form for filing an

28

Application to Proceed *In Forma Pauperis* (Non-Habeas).

(7) Stoller's motion for extension of time is **granted** to the extent that Stoller is granted **30 days** from the filing date of this Order in which to respond to Plaintiff's motion to remand and to enjoin Stoller from again removing this case, Doc. 9. (Doc. 10.)

DATED this 28th day of October, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 6 -