**WO**                                                                                               SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bank of New York Mellon,           ) | No. CV 11-1765-PHX-GMS (JFM) |
|                    Plaintiff,                  ) | |
|                                                      ) | **ORDER** |
| vs.                                                ) | |
|                                                      ) | |
| Rae Ribadeneira, et al.,                ) | |
|                                                      ) | |
|                    Defendants.             ) | |

Plaintiff Bank of New York Mellon commenced this action for forcible detainer in Maricopa County Superior Court on July 30, 2010 against Defendants Rae Ribadeneira and Doe occupants I through X, case# CV2010-94820.[1] On September 7, 2011, Christopher Stoller (Stoller), who was then an inmate in the Lake County Jail in Waukegan, Illinois, removed this case from Arizona state courts for the *third* time and filed an application to proceed *in forma pauperis*.[2] (Doc. 1, 2.) Plaintiff filed a motion to remand the case to state

---

[1] The address of the real property at issue in this action is 10632 East Blue Sky Road, Scottsdale, Arizona 85262 (the Property).

[2] The Court described the underlying facts concerning four properties, including the one involved in this case, in a case filed by Leo Stoller, Christopher's brother. See Stoller v. Bank of New York Mellon Trust Co., No. CV11-0338-PHX-GMS, doc. 101. As described therein, Rae Ribadeneira obtained a loan from Countrywide Finance to finance the purchase of the Property on July 12, 2006, with Countrywide named as the beneficiary on the deed of trust filed the same day. On October 20, 2008, Ribadeneira quit-claimed all her right title and interest in the Property to the Christopher Stoller Pension and Profit Sharing Plan, Ltd. Id., doc. 101 at 2-3. On February 9, 2010, a trustee's sale of the Property occurred and Bank of New York Mellon allegedly purchased the Property for $1,113,750. Id., doc. 101 at 3.

court and sought an injunction to prevent Stoller from again removing the case. (Doc. 9.) Stoller filed a motion for an extension of time within which to respond to the motion for remand based on his transfer to the Dixon Correctional Center in Dixon, Illinois. (Doc. 10.) In an Order filed on October 28, 2011, the Court denied Stoller's *in forma pauperis* application and granted him 30 days in which to file a properly completed Application to Proceed *In Forma Pauperis* (Non-Habeas) using this District's form for use by incarcerated persons. (Doc. 13 at 2, 3-4.) The Court also granted Stoller's motion for an extension of time in which to respond to the motion for remand. (Id. at 4.) On December 19, 2011, Stoller filed a response to the motion to remand.[3] (Doc. 30.)

Although Stoller has filed various other motions, notices, and supplements, Doc. 14, 15, 16, 17, 19, 23, 24, 25, 34, and 36, he has failed to file an Application to Proceed *In Forma Pauperis* on the court-approved form to be used by prisoners, or to provide required information in order to proceed, as a prisoner, *in forma pauperis*. Instead, he has filed a document that partially mimics the court-approved form but fails to include all of the required information, including certification by a prison official of his inmate trust account balance and a certified copy of his inmate trust account statement. (Doc. 20, 21.)

The Court will deny Stoller leave to proceed *in forma pauperis* for failure to comply with previous Court Orders, despite ample opportunity to do so. The Court will deny the other pending motions as moot and remand this action to the state court.

**I.     Payment of Filing Fee**

As Stoller has previously been informed, when bringing an action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires an affidavit of indigence and a *certified*

---

[3] The same day, Stoller filed a motion asking to file a response to the motion to remand. (Doc. 34.) This motion will be denied as moot where Stoller filed a response to that motion, see doc. 30. On December 20, 2011, Stoller filed a motion for a second extension of time to respond. (Doc. 36.) That motion will also be denied as moot.

- 2 -

copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each institution where he was confined during the six-month period. Id. To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4(a).[4]

## II.     Stoller's Applications Fail to Comply with Court Orders and the PLRA

Stoller has failed to use the court-approved form, which requires the completion by a correctional officer of a "Certificate of Correctional Official as to Status of Applicant's Trust Account." He has also failed to submit a *certified* six-month trust account statement. Stoller has been afforded ample opportunity to comply with these requirements but has failed to do so. Accordingly, his current motions to proceed *in forma pauperis* will be denied.

## III.    Remand

Stoller having failed to comply with Court orders by filing an Application to Proceed *In Forma Pauperis* (Non-Habeas) for use by prisoners or by paying the filing fee, the Court will *sua sponte* remand this matter to the Maricopa County Superior Court.

Apart from Stoller's failure to comply with prior Orders, remand to state court also appears appropriate for two additional reasons. First, the record before the Court reflects that Stoller is subject to an Illinois State guardianship and that he thus lacked the capacity to remove this action on his own behalf. Stoller has submitted a copy of an Order entered in late February 2011 by the Illinois Circuit Court for the Nineteenth Judicial Circuit (Illinois Probate Court) appointing the Illinois Office of the State Guardian as plenary guardian over Stoller's estate and person, case# 09 P 957. (Doc. 3, attachment; doc. 21, attachment.) According to the judgment, the Illinois Probate Court determined Stoller to be "totally

---

[4] If a prisoner is granted leave to proceed *in forma pauperis*, the Court assesses an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Stoller's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of the fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

without understanding or capacity to make and communicate decisions regarding his person" and estate. (Id.) At least as late as August 4, 2011, Stoller appears to have remained subject to the guardianship. (Doc. 21, attachment.) Based on that judgment, Stoller could not act as a party in this or any other action on his behalf as it relates to his estate or financial affairs.

Second, even if Stoller had the capacity to act as a party in this action, he is not and never has been a party to this action.[5] This Court takes judicial notice of the Maricopa County Superior Court's Order filed on September 7, 2011 stating as much. (Doc. 27, ex. 1, 4.)

For the reasons discussed, the Court will deny Stoller's *in forma pauperis* applications for failure to comply with court orders. The Court will deny the pending motions and remand this action to the state court.

**IT IS ORDERED:**

(1) Stoller's motions to proceed *in forma pauperis* are **denied**. (Doc. 20-21.)

(2) Stoller's motions for extensions of time to respond to the Plaintiff's motion to remand are **denied** as moot. (Doc. 34, 36.)

(3) The parties' remaining motions are **denied**. (Doc. 1, 9, 14, 16, 19, 28.)

(4) This action is **remanded** to the Maricopa County Superior Court for any further proceedings.

DATED this 3rd day of January, 2012.

_A. Murray Snow_
G. Murray Snow
United States District Judge

---

[5] Plaintiff alleges that Stoller revested jurisdiction in the state court by filing documents in the state case after it was removed.

- 4 -